## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARVIN BRISCOE,                          *

      Petitioner,                       *

v.                                       *

                            **Crim. No. DLB-19-0003**

UNITED STATES OF AMERICA,                *     **(Related Civ. No. DLB-20-2094)**

      Respondent.                       *

## MEMORANDUM OPINION

On July 16, 2020, Marvin Briscoe, proceeding *pro se*, filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255.  ECF 62.  He argues that, in light of *Rehaif v. United States*, 588 U.S. ----, 139 S. Ct. 2191 (2019), the Court must vacate his guilty plea to a violation of 18 U.S.C. § 922(g)(1) because he did not know that one of the required elements of the offense was his knowledge that he "belonged to the relevant cat[e]gory of persons barred from possessing a firearm." *Id.* at 5.  He frames this as a violation of his Sixth Amendment rights because his attorney rendered ineffective assistance by not advising him of this element and a violation of his Fifth Amendment rights because this element was not stated in the indictment and, had he known that the government had to prove this element, he would not have pled guilty.  *Id.*  The government, with the consent of the Office of the Federal Public Defender, filed a motion to hold Briscoe's petition in abeyance pending the outcome of *United States v. Gary*, No. 20-444, before the Supreme Court.  ECF 67.  The Court granted the motion.  ECF 68.  The case has been held in abeyance since then.

On June 14, 2021, the Supreme Court issued *Greer v. United States*, 141 S. Ct. 2090 (2021), in which it resolved Gary's appeal as well as Greer's.  The government has not responded to Briscoe's petition since *Greer* issued, but no response is necessary.  *See* Rule 4(b) of the Rules

Governing Section 2255 Proceedings.   Nor is a hearing necessary.  *See* 28 U.S.C. § 2255(b); Rule

8(a), *Rules Governing § 2255 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2021).  Because

Briscoe cannot show that it is reasonably probable that he would not have pled guilty if he had

been correctly advised of the *mens rea* element of the offense, his petition is denied.  A certificate

of appealability shall not issue.

## I.    Background

On January 2, 2019, Briscoe was indicted on one count of being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1).  ECF 1.  On August 1, 2019, Briscoe pled guilty to

the indictment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  ECF 45,

at 1.   The plea agreement, which Briscoe signed on July 23, 2019, stated that the elements of the

offense were

> That on or about the time alleged in the Indictment, in the District of Maryland, (1)
> the Defendant was knowingly convicted in any court of a crime punishable by
> imprisonment for more than one year, and his civil rights had not been restored; (2)
> after that conviction, the Defendant knowingly possessed a firearm; and (3) the
> possession charged was in or affecting interstate or foreign commerce.

*Id.*  In the agreement, he "waive[d] all right . . . to appeal to appeal [his] conviction on any ground

whatsoever."  *Id.* at 5.

Briscoe stipulated that the government could prove the following facts beyond a reasonable

doubt.  ECF 45-1.  On September 6, 2018, during a traffic stop of the vehicle Briscoe was driving,

a Maryland State Police Trooper "saw and seized one loaded black semiautomatic Heckler & Koch

model USP40, .40 caliber compact pistol bearing serial number 26008417, which was wedged in

between the center console and the driver's seat."  *Id.* at 1.  "BRISCOE knowingly possessed the

Heckler & Koch model USP40, .40 caliber compact pistol bearing serial number 26008417, and

six JAG .40 caliber ammunition cartridges, that were recovered from BRISCOE's Lincoln on

September 6, 2018," and the firearm and ammunition, which "were manufactured outside of

Maryland, . . . traveled in and affected interstate commerce before BRISCOE possessed them in

Maryland." *Id.* Additionally,

> [p]rior to possessing the pistol and ammunition on September 6, 2018, BRISCOE
> had been convicted of an offense punishable by more than one year of
> imprisonment (and his civil rights had not been restored), and was therefore
> ineligible to possess a firearm or ammunition. At the time BRISCOE possessed the
> pistol and ammunition, BRISCOE knew that he had been convicted of an offense
> punishable by more than one year of imprisonment.

*Id.* at 1–2.

Briscoe and the government agreed that a sentence of 66 to 90 months of imprisonment

was appropriate in his case. *Id.* at 5. On October 10, 2019, the Court imposed a sentence of 72

months. ECF 58.

On July 16, 2020, Briscoe filed his § 2255 petition, relying primarily on the Supreme

Court's decision in *Rehaif*, which issued on June 21, 2019, less than a month before he signed the

plea agreement. In *Rehaif*, the Court "conclude[d] that in a prosecution under 18 U.S.C.

§ 922(g) . . . , the Government must prove both that the defendant knew he possessed a firearm

and that he knew he belonged to the relevant category of persons barred from possessing a

firearm." 139 S. Ct. at 2200. Thus, for a felon in possession charge, a required element for the

government to prove is that the defendant "knew he had the relevant status when he possessed it,"

that is, knew "that he was a felon." *Id.* at 2194; *see United States v. Edwards*, No. SAG-10-769,

2023 WL 155246, at *1 (D. Md. Jan. 11, 2023) ("[I]n § 922(g) cases, the government has to prove

that a defendant 'knew he belonged to the relevant category of persons barred from possessing a

firearm,' or, in other words, that he knew he had been convicted of a crime punishable by

imprisonment of more than one year." (quoting *Rehaif*, 139 S. Ct. at 2200)). This Court held

Briscoe's—and all other *Rehaif*-related petitions under § 2255—in abeyance pending the Supreme

Court's decision in *Greer*.

In *Greer*, the Supreme Court considered two separate appeals that both raised the issue of whether the defendants, who were convicted under § 922(g) before the Court decided *Rehaif*, were "entitled to plain-error relief for their unpreserved *Rehaif* claims." *Id.* at 2096.  Gregory Greer had appealed after a jury found him guilty based on instructions that did not include the element that "he had to know he was a felon"; the Eleventh Circuit affirmed his conviction.  *Id.* at 2096. Michael Gary had appealed his guilty plea conviction based on a "plea colloquy [in which] the District Court did not advise Gary that, if he went to trial, a jury would have to find that he knew he was a felon when he possessed the firearms"; the Fourth Circuit vacated his conviction.  *Id.* Resolving the circuit split, the Supreme Court held that, "[i]n felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm."  141 S. Ct. at 2095.  Because "both defendants forfeited their *mens rea* claims by failing to properly preserve them under Rule 51(b)," the Court "conduct[ed] plain-error review under Rule 52(b)."  *Id.*  Thus, the defendants had "the burden of establishing each of the four requirements for plain error relief."  *Id.* at 2097. The Court focused on "the third prong: whether the *Rehaif* errors affected the defendants' 'substantial rights'" and held:

> In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different.

*Id.* at 2097, 2100.  Making this showing of prejudice "under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'"  *Id.* at 2098 (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)).  The Court noted that "absent a reason to conclude otherwise, a jury will usually find that a defendant

*knew* he was a felon based on the fact that he *was* a felon," and when a defendant decides whether to plead guilty, "that reality" is likely to influence his decision.  *Id.*

## II.      Standard of Review

Section 2255 allows a prisoner in federal custody to move to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  The Court must hold an evidentiary hearing on such a motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," in which case dismissal is appropriate.  *Id.* § 2255(b); *see United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021).

Generally, a petitioner's failure to raise a claim on direct appeal bars consideration of the claim in a § 2255 motion.  *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006)).  Courts may only consider procedurally defaulted claims "when a habeas applicant can demonstrate cause and prejudice, or actual innocence."  *Id.*  Claims of ineffective assistance of counsel are an exception to this rule, as such claims ordinarily are not litigated on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 509 (2003); *see United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (noting ineffective assistance of counsel claims are considered on direct appeal "only where the record conclusively establishes ineffective assistance").

## III.     Discussion

The procedural posture of this case is distinct from the cases considered in *Greer*.  In those cases, the defendants were convicted before *Rehaif* came down, they appealed their convictions in

light of *Rehaif*, and the Supreme Court reviewed the district court proceedings for plain error. Here, Briscoe signed his plea agreement and pled guilty after *Rehaif* issued, and he now challenges his conviction in a habeas petition alleging his counsel did not advise him of *Rehaif*'s holding. Even though the procedural posture is different, the outcome for the *Greer* defendants is the same for Briscoe.  He has not shown a reasonable probability that, had he been told the government had to prove that he knew he was a felon, he would not have pleaded guilty.  His petition is dismissed.

### A.  Sixth Amendment Rights

To help ensure our adversarial system produces just results, the Sixth Amendment to the Constitution guarantees a criminal defendant the effective assistance of counsel.  *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)); *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017).  To prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the familiar two-pronged test set forth in *Strickland*, 466 U.S. at 687–88.  *See United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022).  That test requires the petitioner to show that (1) his counsel's performance was deficient and (2) he was prejudiced by the deficient performance.  *Strickland*, 466 U.S. at 687; *Freeman*, 24 F.4th at 326. Ultimately, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland*, 466 U.S. at 686.

To satisfy the deficient performance prong, a petitioner must demonstrate that his attorney's performance fell "below an objective standard of reasonableness."  *Id.* at 688. Performance is evaluated based on "'prevailing professional norms,' not whether it deviated from best practices or most common custom."  *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting

*Strickland*, 466 U.S. at 690); *see Carthorne*, 878 F.3d at 465.  The "first prong sets a high bar." *Buck*, 137 S. Ct. at 775.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  "In the context of a guilty plea, the petitioner has to show that 'there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *Mahdi v. Stirling*, 20 F.4th 846, 894 (4th Cir. 2021) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, (1985)), *cert. denied*, 143 S. Ct. 582 (2023).

In evaluating whether the petitioner has satisfied the two-pronged test set forth in *Strickland*, a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.  Nor must a court address both components if one is dispositive. *Jones v. Clarke*, 783 F.3d 987, 991–92 (4th Cir. 2015) (citing *Strickland*, 466 U.S. at 697).  Because failing either prong is fatal to a petitioner's claim, "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Briscoe first claims that his attorney rendered ineffective assistance by failing to inform him that, to obtain a conviction, the government had to prove "both that [he] knew [he] possessed a firearm and that [he] knew [he] belonged to the relevant cat[e]gory of persons barred from possessing a firearm." ECF 62, at 5.  But even if his attorney did not so advise him, Briscoe agreed to facts establishing he knew he belonged to a category of persons who could not possess a firearm.

In the stipulation of facts accompanying his plea agreement, Briscoe agreed that when he possessed the firearm, he knew he had been convicted of a crime punishable by more than a year imprisonment.  ECF 45-1.  Given that he "'knew he belonged to the relevant category of persons barred from possessing a firearm,' or, in other words, that he knew he had been convicted of a crime punishable by imprisonment of more than one year," he has not shown it was reasonably probable that he would not have pleaded guilty if he knew the government had to prove this element.  *See Edwards*, 2023 WL 155246, at *1 (quoting *Rehaif*, 139 S. Ct. at 2200); *see also Greer*, 141 S. Ct. at 2098 (noting that "absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon").[1]

## B.  Fifth Amendment Rights

Briscoe claims the Court convicted him in violation of his Fifth Amendment rights under the Grand Jury Clause because the indictment "failed to allege the knowledge-of-status element of 18 U.S.C. section 922(g)" and did not "reflect a finding by the grand jury on this element."  ECF 62, at 5.  Briscoe also argues that the Court's acceptance of his plea was structural error that violated his Fifth Amendment due process rights because he "did not know that [he] was prohibited from possessing a firearm" when he pled guilty.  ECF 62-1, at 3; *see* ECF 62, at 5.

Briscoe's Fifth Amendment claims are procedurally defaulted because he did not raise them on direct appeal.  *Pettiford*, 612 F.3d at 280; *see Sanchez-Llamas*, 548 U.S. at 351.  He has not established cause to excuse the default, and as discussed in the analysis of his Sixth

---

[1] Briscoe also claims his attorney rendered ineffective assistance by "fail[ing] to file a motion to suppress the evidence—the pistol, ammunition, and ammunition cartridges—gained from the unconstitutional search of [his] vehicle."  ECF 62, at 5.  On the contrary, on April 12, 2019, his attorney filed a motion to "suppress[] all tangible and derivative evidence obtained pursuant to a traffic stop that occurred on September 6, 2018."  ECF 24.  And the court held a motions hearing.  ECF 34.  The parties reached a plea agreement before the court ruled on the motion.  This claim is without merit.

Amendment claim, he cannot show prejudice from the indictment's failure to include the knowledge-of-status element.  Nor can he claim actual innocence when he stipulated to facts in support of each element, including that he knew he had been convicted of a crime punishable by imprisonment of more than one year.  Therefore, the Court cannot consider the Fifth Amendment claims.  *Pettiford*, 612 F.3d at 280.[2]

## IV.     Certificate of Appealability

Having found that the petition is unmeritorious, this Court must determine if a certificate of appealability should issue.  When a district court dismisses a habeas petition on the merits, a certificate of appealability will not issue unless the petitioner can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that "the issues presented were adequate to deserve encouragement to proceed further."  *United States v. Fabian*, 798 F. Supp. 2d 647, 687 (D. Md. 2011) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), and then *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).  Briscoe has demonstrated neither ground for a certificate of appealability.  He still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

---

[2] Even if the Court could consider his due process argument, the Supreme Court concluded in *Greer* that a *Rehaif* error is not a structural error.  141 S. Ct. at 2100.  "Structural errors are errors that affect the 'entire conduct of the [proceeding] from beginning to end.'"  *Id.* (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991)).  A *Rehaif* error is a "discrete defect[] in the criminal process—[involving] the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy."  *Id.*  It is not structural because it does "not 'necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'"  *Id.* (quoting *Neder v. United States*, 527 U.S. 1, 9 (1999)).  Therefore, Briscoe's argument that the error was structural fails on the merits.

**V.      Conclusion**

For the reasons stated in this memorandum opinion, the Court denies Briscoe's § 2255 petition, ECF 62.  Briscoe's motion to proceed in forma pauperis, ECF 63, is granted.  The Court declines to issue a certificate of appealability.

A separate order follows.


DATED this 26th day of September, 2023.


_____
Deborah L. Boardman
United States District Judge